**United States District Court**
For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

TRANSAMERICA CORPORATION,                    No.  C 05-00549 MJJ

10
                    Plaintiff,

11                                           **ORDER DENYING DEFENDANT**
     v.                                      **COMPANA'S MOTION TO DISMISS**
12                                           **AND MOTION TO TRANSFER**

13   COMPANA, LLC, et al.,

14                  Defendants.
     _____/

15

16                                **INTRODUCTION**

17         Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2)

18   filed by Defendant Compana, LLC.  Alternatively, Defendant seeks to transfer the instant action to

19   the Northern District of Texas pursuant to Federal Rule of Civil Procedure 12(b)(3).  For the

20   following reasons, the Court **DENIES** Defendant's 12(b)(2) Motion to Dismiss and 12(b)(3) Motion

21   to Transfer.

22                             **FACTUAL BACKGROUND**

23         Defendant is engaged in the business of providing domain name registration services to its

24   customers.  Defendant is a Wyoming limited liability company and its principal place of business is

25   in Carrollton, Texas.  Defendant's president and only employee is Jeffrey Baron.

26         Plaintiff alleges that Defendant's business uses tracking and registration software that roams

27   the Internet and automatically registers newly expired domain names.  The object of this enterprise

28   is to acquire so-called "generic" domain names for resale.  While such activity is not generally

1   unlawful, Plaintiff alleges that Defendant's tracking and registration software fails to distinguish

2   between domain names that are truly generic and those that constitute an infringement of a third

3   party's trademark rights.

4          On or about December 27, 2004, Manilla Industries ("Manilla") registered the Internet

5   domain name TRANSAMERICAFUND.COM.  Manilla accomplished this registration through

6   Defendant, a licensed domain name registrar.  Plaintiff alleges that Manilla is merely a fictitious

7   entity that exists for the purpose of concealing Defendant's true ownership of Internet domain names

8   including  TRANSAMERICAFUND.COM.[1]  Specifically, Plaintiff alleges that "'Manilla Industries,

9   Inc.' act[s] as the proxy and *alter ego* of Compana."  (Plaintiff's Amended Complaint at ¶ 12.)

10  Plaintiff alleges that Manilla is physically located and does business in Mission Viejo, California.[2]

11         Plaintiff alleges that the internet domain name TRANSAMERICAFUND.COM is identical

12  and/or confusingly similar to the "TRANSAMERICA" trademarks and service marks held by it.

13  Thus, Plaintiff alleges that Defendant is in violation of the Anticybersquatting Consumer Protection

14  Act, 15 U.S.C. § 1125(d); federal service mark infringement under Section 32(1) of the Lanham

15  Act, 15 U.S.C. § 1114(1); federal unfair competition and false designation of origin under Section

16  43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Racketeer Influenced and Corrupt Organizations

17  Provision of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961-1968 (1982); and related

18  causes of action under California law.

19                                    **LEGAL STANDARD**

20         Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss

21  a complaint for lack of personal jurisdiction.  The plaintiff has the burden of proving that the Court

22  has personal jurisdiction over the defendant.  *American Telephone & Telegraph Co. v. Compagne*

23  *Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).  If the Court rules without holding an

24

25         [1]According to registration records maintained by Top Level Domain Registry, the Internet
    domain name "TRANSAMERICAFUND.COM" is registered to "Manilla Industries, Inc." with a
26  address in Bangkok, Thailand.  Plaintiff alleges that there is no evidence of any real or existing business
    presence of any company named "Manilla Industries, Inc." in Thailand.

27         [2]Plaintiff alleges that it sent an email to  "manilaindustries@excite.com," which was identified
    in the records of the domain name registry of "TRANSAMERICAFUND.COM" as the correct email
28  address for "Manilla Industries, Inc."  The email was allegedly opened at a location in Mission Viejo,
    California.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    evidentiary hearing, dismissal for lack of personal jurisdiction is appropriate only if the plaintiff has

2    not made a prima facie showing of personal jurisdiction.  *Id.*  In determining whether the plaintiff

3    has met this burden, the uncontroverted allegations in the complaint must be taken as true, and

4    conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's

5    favor.  *Id.* at 588-89.

6         There are two limitations on the Court's power to exercise personal jurisdiction over a

7    nonresident defendant: the applicable state or federal personal jurisdiction statute and constitutional

8    principles of due process.  *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990).  Where, as here,

9    there is no applicable federal statute governing personal jurisdiction, the law of the state in which the

10   district sits applies.  *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir.

11   1993).  As California's long-arm statute allows courts to exercise personal jurisdiction to the extent

12   permitted by the Due Process Clause of the United States Constitution, the Court need only

13   determine whether personal jurisdiction in this case would meet the requirements of due process.

14   *Id.*; *see* Cal. Code Civ. Proc. § 410.10.

15        Federal due process requires that a nonresident defendant have minimum contacts with the

16   forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair

17   play and substantial justice.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th

18   Cir. 1986) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The

19   defendant's conduct and connection with the forum must be such that the defendant should

20   reasonably anticipate being haled into court there.  *Sher*, 911 F.2d at 1361 (citing *World-Wide

21   Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

22        The constitutional test may be satisfied in either of two ways: through general jurisdiction or

23   specific jurisdiction.  General jurisdiction exists if the nonresident's contacts with the forum are

24   continuous and systematic and the exercise of jurisdiction satisfies traditional notions of fair play

25   and substantial justice.  *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (quoting

26   *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995)).  If general jurisdiction exists,

27   the Court has jurisdiction over the defendant even if the cause of action is unrelated to the

28   defendant's forum activities.  *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir.

1   1995).

2       If general jurisdiction does not exist, the Court still may be able to assert specific jurisdiction

3   over the defendant for a cause of action that arises out of the defendant's forum-related activities.

4   *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).  The Court applies a three-part test in

5   determining whether it may assert specific jurisdiction over the defendant:  (1) the defendant must

6   perform an act or consummate a transaction within the forum, purposefully availing himself of the

7   privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

8   (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) the

9   exercise of jurisdiction must be reasonable.  *Id.*

10                              **ANALYSIS**

11      Defendant seeks to dismiss the instant action because it did not have the required "minimum

12  contacts" with the state of California.  Defendant asserts that is has no officers, employees, place of

13  business, bank accounts, or any other corporate presence in California.  Defendant further contends

14  that it is not registered to conduct business in California, has no license from the State of California,

15  and has no agent for service of process in California.

16      Plaintiff responds that the facts alleged in the Amended Complaint constitute prima facie

17  evidence that Manilla is a "sham" entity used by Defendant to disguise its true ownership interest in

18  "TRANSAMERICAFUND.COM."  Under this "alter ego" theory, Plaintiff asserts the Court should

19  treat Defendant and Manilla identically for jurisdictional purposes.  Plaintiff contends that because

20  the Court has general jurisdiction over Manilla, given that it is a California corporation with a

21  physical address in California, the Court also has general jurisdiction over Defendant.

22      "[F]ederal courts have consistently acknowledged that it is compatible with due process for a

23  court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily

24  be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or

25  successor of a corporation that would be subject to personal jurisdiction in that court."  *Patin v.*

26  *Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002).  In *Howard v. Everex Sys., Inc.*,

27  228 F.3d 1057 (9th Cir. 2000), the court noted as follows:

28          Although jurisdiction over a subsidiary does not automatically provide
            jurisdiction over a parent, where the parent totally controls the actions of

**United States District Court**
For the Northern District of California

the subsidiary so that the subsidiary is the mere alter ego of the parent, jurisdiction is appropriate over the parent as well[.]  Because it appears, at the pleading stage, that [defendant] is merely a shell entirely controlled by [a parent corporation], we disregard [defendant's] separate identity for personal jurisdiction purposes.

*Id*. at 1069 n. 17 (internal citations omitted).  "The theory underlying these cases is that, because the two corporations (or the corporation and its individual alter ego) are the *same entity*, the jurisdictional contacts of one *are* the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis."  *Patin*, 294 F.3d at 653 (emphasis in the original).

Here, the Court is satisfied that it has general jurisdiction over Manilla.  Plaintiff has adequately plead facts that demonstrate that Manilla is a California corporation with a physical address in California.  Furthermore, there is no dispute that Manilla registered the domain name at issue here, TRANSAMERICAFUND.COM.  Moreover, Plaintiff has sufficiently alleged that Manilla is merely the "alter ego" of Defendant, and that for all essential purposes, the two companies are the same entity.  Therefore, under *Howard*, the Court finds that it also has general jurisdiction over Defendant.  Accordingly, the Court **DENIES** Defendant's motion to dismiss.[3]

### CONCLUSION

For the foregoing reasons, Defendant's 12(b)(2) Motion to Dismiss and 12(b)(3) Motion to Transfer are **DENIED**.

**IT IS SO ORDERED.**

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

Dated: August _22__, 2005

---

[3]Defendant argues that all of its alleged actions in this case occurred outside of California, and therefore venue is not proper in this district.  The Court disagrees.  Because Plaintiff has adequately alleged that Defendant and Manilla are the same entity, Manilla's actions (in California) in registering TRANSAMERICAFUND.COM must be imputed to Defendant.  Accordingly, the Court **DENIES** Defendant's motion to transfer venue.

United States District Court
For the Northern District of California