STEPHEN H. DYE (Bar No. 104385)
PAUL N. TAUGER (Bar No. 160552)
**SCHNADER HARRISON SEGAL & LEWIS LLP**
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Tel.: 415-364-6700
Fax: 415-364-6785
sdye@schnader.com
ptauger@schnader.com

BRUCE A. McDONALD
**SCHNADER HARRISON SEGAL & LEWIS LLP**
2001 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
Tel.: 202-419-4235
Fax: 202-419-3454
bmcdonald@schnader.com

Attorneys for Plaintiff
**TRANSAMERICA CORPORATION**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TRANSAMERICA CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COMPANA, LLC, a Wyoming limited liability company, a/k/a **MONDOVA LIMITED COMPANY**, a Wyoming limited liability company; and **MANILA INDUSTRIES, INC.**, a California corporation,<br><br>Defendants. | Case No.: C-5-00549-MJJ<br><br>Granted<br>**STIPULATED FINAL ORDER AND PERMANENT INJUNCTION** |

The parties, by their signatures below, having reached a settlement of their claims; the disputed Internet domain names TRANSAMERICAFUND.COM and TRANSAMERICAWORKSITEMARKETING.COM having been transferred to Plaintiff; and the Defendants, without admitting the allegations in Plaintiff's amended complaint, having

1

agreed to these provisions in the interest of a speedy conclusion to this matter, it is hereby ORDERED as follows:

(1) Defendants and their agents, employees, officers and directors, attorneys and distributors, and all persons acting by, under, or in concert with them or with any of them, including but not limited to the named Defendants, are hereby permanently enjoined from:

(a) registering or acquiring any interest, whether as registrar or registrant, in any Internet domain name that contains the term "TRANSAMERICA," "TRANS-AMERICA," "TRANSAMERICAN," "TRANS-AMERICAN," or other Internet domain name containing a term substantially identical to "TRANSAMERICA," *provided that* Defendants shall have a cure period of thirty (30) days, as set forth more specifically below, to rectify any inadvertent violation of this Order;

(b) infringing Plaintiff's federally registered and common law "TRANSAMERICA" name and service mark, including all written and spoken terms equivalent or confusingly similar thereto, including but not necessarily limited to TRANSAMERICAFUND.COM and TRANSAMERICAWORKSITEMARKETING.COM;

(c) using the Plaintiff's "TRANSAMERICA" name and service mark, or any name or mark reminiscent of or confusingly similar thereto, including but not necessarily limited to TRANSAMERICAFUND.COM or TRANSAMERICAWORKSITEMARKETING.COM, for any product or service, or in any letterhead, sign, advertising or promotion, e-mail or other sales solicitation or business listing, either in print, broadcast, electronic or other form, either separately or compositely with other words, as a trademark, service mark or trade name;

(d) using Plaintiff's "TRANSAMERICA" name and service mark, or any name or mark confusingly similar thereto, including but not necessarily limited to

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
(415) 364-6700
FAX: (415) 364-6785

TRANSAMERICAFUND.COM or TRANSAMERICAWORKSITEMARKETING.COM, as a corporate and/or trade name or portion thereof;

(e) making representations, directly or indirectly, to anyone, anywhere, by any means, that Defendants are related, associated or affiliated in any way with Plaintiff or its subsidiaries or their business operations;

(f) in any manner imitating Plaintiff's "TRANSAMERICA" name and service mark, or any name or mark similar thereto, for the purpose of acquiring the trade and goodwill of Plaintiff and/or its subsidiaries by association, imitation, fraud, mistake or deception; and

(g) unfairly competing with Plaintiff in any manner.

(2) By their signatures below, Defendants represent that they no longer own or control, or have any interest in, whether as a registrant or registrar, any Internet domain name containing the term "TRANSAMERICA," "TRANS-AMERICA," "TRANSAMERICAN," "TRANS-AMERICAN," or other Internet domain name containing a term substantially identical to "TRANSAMERICA."

(3) In the event that either Defendant, or other person acting under the control or direction of either Defendant, shall in the future, in the capacity as a registrar or registrant, inadvertently register, or acquire any interest in, any Internet domain name containing the term "TRANSAMERICA," "TRANS-AMERICA," "TRANSAMERICAN," "TRANS-AMERICAN," or other Internet domain name containing a term substantially identical to "TRANSAMERICA," then such Defendant, upon written notice and demand by Plaintiff, shall have a period of thirty (30) days, following notice and demand by Plaintiff, in which to effectuate a transfer of such Internet domain name to Plaintiff in cooperation with a domain name registration services provider of Plaintiff's choice.

3

(4)     The provisions of this Order shall apply to Defendants equally, regardless of whether they are acting as the "registrar" or the "registrant" of a particular Internet domain name, provided that Defendants effectively control the registration of that domain name. However, if either Defendant, or other person acting under the control or direction of either Defendant, shall in the future inadvertently register any Internet domain name containing the term "TRANSAMERICA," "TRANS-AMERICA," "TRANSAMERICAN," "TRANS-AMERICAN," or other Internet domain name containing a term substantially identical to "TRANSAMERICA," on behalf of an unrelated third party who possesses a colorable right or interest in such domain name, then Defendants, upon written notice and demand by Plaintiff, shall have a period of thirty (30) days in which to terminate, relinquish, transfer or assign all interest in, and involvement with, such domain name in favor of an Internet domain name registration service provider that is acceptable to Plaintiff, whereafter Plaintiff shall be free to present any claims it may have directly to such third party.

(5)     The thirty-day periods referenced in Paragraphs 3 and 4 above shall be extended as appropriate by any period of time in which Plaintiff fails to communicate and cooperate as necessary to effectuate such transfer.

(6)     In recognition of the possibility that one or both Defendants may inadvertently acquire an interest in an Internet domain name containing the term "TRANSAMERICA," "TRANS-AMERICA," "TRANSAMERICAN," "TRANS-AMERICAN," or other Internet domain name containing a term substantially identical to "TRANSAMERICA," in respect to which an unrelated third party holds a colorable or asserted interest, and in recognition that this Order may require either or both Defendants to terminate, relinquish, transfer or assign all interest in, and involvement with, such domain name against the wishes of such unrelated third party, Plaintiff shall indemnify and hold Defendants harmless for any losses suffered by them at the behest of an unrelated third party as a result of their compliance with this Order, *provided that*

4

Plaintiff is apprised in advance of any actions taken by Defendants that could reasonably be expected to interfere with the rights of any unrelated third party, *and provided further* that Plaintiff is provided a reasonable opportunity to prevent or mitigate any damages to an unrelated third party prior to any action taken by Defendants pursuant to this Order.

(7) In the future, Defendants shall be liable to Plaintiff for liquidated damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) in respect to each and any Internet domain name that is registered by Defendants in violation of this Order, provided that Defendants shall have a period of thirty (30) days to cure such violation as set forth above.

(8) All notices required under this Order must be in writing, must reference this Order and will be deemed given: (a) when sent by facsimile with confirmation page; or (b) five business days after having been sent by registered or certified mail, return receipt requested, postage prepaid; or (c) one working day after delivery to a commercial overnight carrier, with written verification of receipt. All communications shall be sent to the contact information set forth below or to such other contact information as may be designated by a party by giving written notice to the other parties pursuant to this Order:

| **To Transamerica:** | **To Compana:** |
|---|---|
| Transamerica Corporation | Compana, LLC |
| c/o Mr. Steven D. Weinberg | c/o Mr. Jeff Baron, President |
| Transamerica corporation | P.O. Box 111501 |
| Assistant Corporate Secretary | 2030 Jackson Street |
| 1150 S. Olive Street, Suite T-2100 | Carrolton, TX 75011-1501 |
| Los Angeles, CA 90011-2211 | |
| Tel. (213) 742-4695 | With a copy to: |
| Fax: (213) 763-9992 | Gregory H. Guillot, Esq. |
| | **GREGORY H.GUILLOT, PC** |
| With a copy to: | TwoGalleriaTowerCenter |
| Bruce A. McDonald, Esq. | 13455 NoelRoad,Suite1000 |
| **SCHNADER HARRISON** | Dallas,TX75240 |
| **SEGAL & LEWIS LLP** | Tel: (972)774-4560 |
| 2001 Pennsylvania Ave., N.W., Suite 300 | Fax: (214)515-0411 |
| Washington, D.C. 20006 | ggmark@radix.net |
| Tel. (202) 419-4235 | |
| Fax (202) 419-3454 | |
| bmcdonald@schnader.com | |

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
(415) 364-6700
FAX: (415) 364-6785

**To Manila Industries, Inc.:**
c/o Munish Krishan, President
22312 Eagle Ridge
Mission Viejo, CA 92692

With a copy to:
Rajiv Jain, Esq.
30481 Marbella Vista
San Juan Capistrano, CA 92675

(9)     Except as otherwise agreed to by the parties, each party shall bear its own costs and fees in this action.

(10)    If, in the future, Plaintiff shall be required to institute any court action to enforce the terms of this Order in the future, and if such action shall be resolved successfully to Plaintiff, then Defendants shall compensate Plaintiff for all costs and fees incurred by Plaintiff in preparation and prosecution of such action.

Final Stipulated Order and Permanent Injunction
Case No. C-5-00549-MJJ

(11) Nothing in this Order shall be construed as an admission of liability, or of any allegation in Plaintiff's amended complaint, by either Defendant.

9/6/2005
Date

*/s/ Martin J. Jenkins*
UNITED STATES DISTRICT JUDGE

SEEN AND AGREED:

**TRANSAMERICA CORPORATION**

By: */s/ B. A. McDonald*
Stephen H. Dye (CA Bar # 104385)
Paul N. Tauger (CA Bar # 160552)
**SCHNADER HARRISON SEGAL & LEWIS LLP**
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Tel.:  415-364-6700
Fax:  415-364-6785
sdye@schnader.com
ptauger@schnader.com

Bruce A. McDonald
(DC Bar # 293753)
**SCHNADER HARRISON SEGAL & LEWIS LLP**
2001 Pennsylvania Ave., N.W.,
Suite 300
Washington, D.C. 20006
Tel.:  202-419-4235
Fax:  202-419-3454
bmcdonald@schnader.com

**COMPANA, LLC**

By: */s/ Gregory H. Guillot*
Gregory H. Guillot
**GREGORY H. GUILLOT, PC**
Two Galleria Tower Center
13455 Noel Road, Suite 1000
Dallas, TX 75240
Tel: (972) 774-4560
Fax: (214) 515-0411
ggmark@radix.net

**MANILA INDUSTRIES, INC.**

By: */s/ Gregory H. Guillot*
Gregory H. Guillot
**GREGORY H. GUILLOT, PC**
Two Galleria Tower Center
13455 Noel Road, Suite 1000
Dallas, TX 75240
Tel: (972) 774-4560
Fax: (214) 515-0411
ggmark@radix.net

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
(415) 364-6700
FAX: (415) 364-6785

7

Final Stipulated Order and Permanent Injunction
Case No. C-5-00549-MJJ